Mr. Bill A. Shirron Executive Director Teacher Retirement System #3 Capitol Mall Little Rock, AR 72201
Dear Mr. Shirron:
This is in response to your request for an opinion regarding release of certain information on members of the Teacher Retirement System in accordance with the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§25-19-101—107 (Repl. 1992).
You state that beginning July 1, 1991, all employees of an employer covered by the Teacher Retirement System are required to be members of the System. The System has been asked to make its members' computer data base available to the covered employers so that the employers might readily access the information needed to enroll new employees in the System. You also note that other computer data services in the state which prepare System reports for school districts would find that access to the information was a valuable tool. You propose that the System would make available information about the members, which would be accessed by the individual member's social security number. When a person accessed the computer data base via the member's social security number, certain other information would be available about that individual. The information proposed to be made available about the individual include: 1) the member's name and address; 2) status code (whether he is active, inactive, deceased, retired or refunded); 3) salary option (whether actual salary of $7800); 4) contribution option (whether contributory or non-contributory, the number of choices already used and any pending choice); 5) employers (both names and 5-digit numeric codes, dates of employment and current status); 6) status as a teacher or non-teacher, and 7) general information (whether or not the System has a membership data form and a copy of his birth certificate and social security card).
You also note that A.C.A. § 24-3-213 (Repl. 1992) exempts from public inspection individual members' records which are kept for the purpose of compiling information for the members' retirement or social security records. Your specific questions are as follows:
 1. Does A.C.A. § 24-3-213 prevent the Teacher Retirement System from furnishing to its covered employers information from its members' computer data base?
 2. If the answer to Question #1 is "no," what member information can be furnished?
 3. If the answer to Question #1 is "yes," who should be allowed to access this member information?
It is my opinion that the answer to your first question is "no." Section 24-3-213 states:
 Any and all records kept by an Arkansas public retirement system, whether required to be kept by law or board policy, shall be open to public inspection as provided in § 25-19-105, except that individual members' records which are kept for the purpose of compiling information for the members' retirement or social security records shall not be open to the public. [Emphasis added.]
Accordingly, those individual members' records which are maintained by the System for the purpose of "compiling information for the members' retirement or social security records" are exempt from disclosure to the public. I do not believe that this exemption, which focuses on the release of records to "the public," would prevent the System from releasing such records to employers participating in the System. Such employers are, in my opinion, distinguishable from "the public" for purposes of this nondisclosure provision. Thus, regardless of whether the information falls within § 24-3-213, it is my opinion that the exemption will not prevent disclosure to covered employers.
With regard to your second question, I believe that all of this information may be released to participating employers.
It appears that a response to your third question is unnecessary in light of the negative response to Question No. 1. It should perhaps be noted, however, with regard to the release of information to "other computer data services in the state," that a more difficult question may arise concerning the applicability of A.C.A. § 24-3-213. You have stated that several computer data services in the state which prepare Teacher Retirement System reports for school districts, would find access to this information a very valuable tool. It is my opinion that the nondisclosure provision in § 24-3-213 would not apply to a computer data service that was an agent of the school district. The information would, in that instance, be accessible for the reasons stated in response to Question 1. I lack sufficient information regarding the preparation of these reports to make any conclusive determination as to the status of the computer data services. It should be recognized that the nondisclosure provision would probably apply to an independent computer data service, or to a data service's attempt to obtain information for its own proprietary use outside any agency relationship with a public entity such as a school district. The service, in that instance, would be a member of "the public." Consideration would then have to be given to the substantive language of § 24-3-213 and specifically, whether the records are kept by the System in order to compile information for its members' retirement or social security records. If the System determines that the information outlined in the seven categories mentioned in your letter is maintained for purposes other than those set out at § 24-3-213, the records would, in all likelihood, be deemed public records which are open to inspection and copying by the public under the Arkansas Freedom of Information Act (A.C.A. § 25-19-101et seq. (Repl. 1992)). Any citizen of the state may have access to those records. See A.C.A. § 25-19-105(a) (Repl. 1992).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh